IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Otto Harris,                                    Case No. 4:14 CV 1463

            Petitioner,                      MEMORANDUM OPINION
                                                         AND ORDER
       -vs-
                                                         JUDGE JACK ZOUHARY
Joe Coakley, *Warden*,

            Respondent.

**INTRODUCTION**

*Pro se* Petitioner Otto Harris filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner, who is in federal custody at FCI-Elkton, names Warden Joe Coakley as Respondent. He was convicted on March 24, 2011 in the U.S. District Court for the Western District of Pennsylvania for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In addition, he was identified as an armed career criminal because of prior felony convictions and subject to a sentencing enhancement pursuant to 18 U.S.C. § 924(e). Petitioner contends his enhanced sentence is contrary to recent Supreme Court opinions in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013). He requests his sentence be reduced from 188 months to 77 months, which he asserts is the sentence the trial court would have imposed but for the armed career criminal enhancement. For the reasons set forth below, the Petition is denied.

**BACKGROUND**

Petitioner was indicted in November 2009 on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). A jury convicted Petitioner in December 2010. While preparing the Presentence Investigation Report, the probation officer determined Petitioner may be subject to a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), imposing a mandatory-minimum sentence of fifteen years. Petitioner's counsel objected to the enhancement, and, after lengthy debate, the trial court found Petitioner met the statutory criteria and sentenced Petitioner to 188 months of imprisonment. This sentence was at the bottom of the range recommended by the Sentencing Guidelines.

Petitioner challenged the enhancement. He filed an appeal to the Third Circuit, asserting the district court erred in applying the ACCA to enhance his sentence. The Third Circuit affirmed the sentence. Petitioner then filed a motion to vacate under 28 U.S.C. § 2255. His motion was denied in February 2013. The Third Circuit denied his request for a certificate of appealability in June 2013.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming the ACCA enhancement is contrary to the Supreme Court's recent decisions in *Alleyne* and *Descamps*. First, he claims that after *Descamps*, state criminal offenses containing a single set of indivisible elements can never constitute predicate offenses under the ACCA. He contends the district court was not authorized to consider his prior convictions to enhance his sentence. Second, he cites *Alleyne* in support of his assertion that all facts used to increase criminal penalties must be charged in the indictment and proven to a jury beyond a reasonable doubt. He claims that because the jury did not find the fact of his prior convictions, the district court erred in applying the ACCA enhancement. He states he is actually innocent of his sentence.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

Generally, a federal prisoner may use Section 2241 only to challenge the execution or manner in which his sentence is served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Conversely, he must use Section 2255 to challenge his conviction or the imposition of his sentence. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The two statutes offer unique forms of relief, and they are not interchangeable. The remedy offered under Section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under Section 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

3

However, Section 2255 contains a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under Section 2241 if it appears that the remedy afforded under Section 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The "safety valve" is a narrow exception. Relief under Section 2255 is not inadequate or ineffective merely because a petitioner has already been denied relief under that provision, is procedurally barred from pursuing relief under Section 2255, or has been denied permission to file a second or successive motion to vacate. *Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012).

Invocation of the safety valve is restricted to cases where prisoners can show "an intervening change in the law that establishes their actual innocence." *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a petitioner's belated declaration of his belief he should not have been convicted. It requires a petitioner to demonstrate he is factually innocent, rather than merely not guilty due to a legal insufficiency or error. *Bousley v. United States*, 523 U.S. 614, 623 (1998). In other words, to successfully invoke the safety valve, a petitioner must demonstrate: (1) the existence of a new interpretation of statutory law; (2) issued after petitioner had sufficient time to incorporate the new interpretation into his direct appeals or subsequent motions; (3) which is retroactive to cases on collateral review; and (4) which applies to the merits of the petition to make it more likely than not no reasonable juror would have convicted him. *Wooten*, 677 F.3d at 307–08.

**DISCUSSION**

Petitioner asserts the Supreme Court's decisions in *Descamps* and *Alleyne* invalidate his sentencing enhancement under the ACCA. These claims challenge his sentence, not merely the

4

manner in which it is carried out. Therefore, to pursue relief under Section 2241, Petitioner must demonstrate the safety valve provision is applicable to his claims. Petitioner has not satisfied these requirements.

### *Descamps*

Petitioner first contends *Descamps* prohibits use of criminal convictions to support an ACCA enhancement when the criminal statute supporting the conviction contains a single set of elements to define the crime. However, Petitioner misreads *Descamp*s, which is not a new interpretation of statutory law. Instead, *Descamp*s clarifies the procedure federal district courts must follow when determining whether a defendant's prior conviction qualifies as a violent felony under the ACCA.

The ACCA specifically defines a "violent felony" to include, among others, the crimes of "burglary, arson, or extortion." To determine whether a state criminal conviction for burglary, arson, or extortion falls within the parameters of the ACCA, the district court compares the elements of the state crime to the elements of the generic offense of burglary, arson, or extortion as those are commonly understood. *Descamps*, 133 S. Ct. at 2282. The state statute will qualify as a predicate offense under the ACCA only if its elements are the same as, or narrower than, the generic offense under the ACCA. *Id.* This analysis is called the "categorical approach." *Id.*

Some state criminal statutes contain alternative elements for an offense. For example, a state burglary statute could define the crime as entry into a building or, in the alternative, entry into an automobile. If one alternative matches the elements of the generic offense under the ACCA (for example, the building), but the other alternative does not (for example, the automobile), the district court conducting sentencing must use a "modified categorical approach." This second approach permits the sentencing court to consult a limited class of documents, such as the indictment, to

determine which alternative formed the basis of the defendant's prior conviction. If the crime of conviction was for the alternative that matches the elements of the generic offense, it can be used as a predicate offense under the ACCA. If, however, the crime of conviction was for the alternative that did not match the element of the generic offense, the ACCA enhancement would not apply.

In *Descamps*, defendant was convicted of being a felon in possession of a firearm and sentenced under the "residual clause" of the ACCA, based in part upon his prior California burglary conviction. The California burglary statute did not contain alternative elements. Therefore, the district court applied a categorical approach to compare the elements of the California statute and the elements of the generic statute under the ACCA.

The district court found the California statute did not include an element of the generic crime of burglary because it did not require that a burglar "enter or remain unlawfully in a building." The California burglary statute not only covered conduct which fell within the generic offense elements, but also applied to conduct like shoplifting, which does not qualify as burglary under the generic definition. *Id.* The district court then conducted a modified-categorical analysis and examined documents to determine if the defendant's prior conviction involved behavior which would fit within the generic definition of burglary or if his offense was akin to shoplifting which would not be classified as burglary. *Id.* The Supreme Court in *Descamps* held federal sentencing courts may not apply the "modified-categorical approach" to sentencing under ACCA's "residual clause" when the state crime of which the defendant was convicted has a single, indivisible set of elements (not alternative elements). *Id.* at 2281–82. When the statute does not contain alternative elements, the sentencing court must use the categorical approach. *Id.*

6

Petitioner does not explain how the *Descamps* opinion applies to his case. Contrary to his reading, *Descamps* does not hold a conviction under state statutes with a single set of elements can never be used as predicate offenses under the ACCA, but rather affirms a court must use a categorical approach to determine if a prior state conviction qualifies as a predicate offense under the ACCA. Petitioner does not indicate which prior criminal convictions were used as predicate offenses to enhance his sentence, nor does he suggest the sentencing court used a modified-categorical analysis where a categorical analysis should have been used. When applied to the facts in the Petition, *Descamps* does not have any apparent bearing on Petitioner's actual innocence.

In addition, the Supreme Court has not indicated an intent to apply *Descamps* retroactively to cases on collateral review. A new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive. *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Absent such an indication from the Supreme Court, Section 2241 review does not fall under the savings clause in Section 2255(e).

### *Alleyne*

Petitioner next asserts the fact of his prior convictions was never presented to a jury and thus cannot be used to enhance his sentence under the ACCA. He contends his ACCA enhancement is invalid in light of *Alleyne*. *Alleyne* is also inapplicable to his Petition.

In *Alleyne*, defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), a crime subject to a mandatory-minimum five-year sentence. *Alleyne*, 133 S. Ct. at 2156. At sentencing, however, over Alleyne's objection, the judge found Alleyne had "brandished" a firearm, raising his mandatory-minimum sentence to seven years under the applicable statute. *Id*. Alleyne appealed, arguing any "facts that increase the

7

prescribed range of penalties to which a criminal defendant is exposed are elements of the crime [,]" which must be proved to a jury. *See Apprendi v. New Jersey*, 530 U.S. 466, 478 (2000). The Supreme Court agreed with Alleyne, stating that any fact increasing a mandatory-minimum sentence for a crime is an "element" of the crime, not a "sentencing factor," that must be found by a jury. *Alleyne*, 133 S. Ct. at 2162-63. Thus, the Court held the district court erred when it imposed a seven-year mandatory-minimum sentence because the jury had not found the fact -- "brandishing" -- supporting the higher mandatory minimum. *Id.*

*Alleyne*'s holding, however, does not extend to require a defendant's prior convictions be submitted to a jury and proven beyond a reasonable doubt, even when the fact of those convictions increases the mandatory-minimum sentence. The Supreme Court in *Almendarez–Torres v. United States*, 523 U.S. 224, 241–42 (1998), held that prior convictions enhancing a defendant's sentence are not elements of a crime that must be submitted to a jury. The *Alleyne* court explicitly declined to overrule *Almendarez–Torres* on this point. *See Alleyne*, 133 S. Ct. at 2155, 2160 n.1. The Sixth Circuit has consistently held *Almendarez–Torres* is still good law. *See United States v. Nagy,* 760 F.3d 485, 488–89 (6th Cir. 2014); *United States v. Pritchett*, 749 F.3d 417, 434 (6th Cir. 2014); *United States v. Mack*, 729 F.3d 594, 609 (6th Cir. 2013); *United States v. Anderson*, 695 F.3d 390, 398 (6th Cir. 2012).

Moreover, *Alleyne* neither supports Petitioner's claim of "actual innocence" nor demonstrates his remedy under Section 2255 was inadequate or ineffective. *Alleyne* is not an intervening change in the law decriminalizing the acts which form the basis of Petitioner's conviction. *Alleyne* is a sentencing-error case, and claims of sentencing error may not serve as the basis for an actual innocence claim. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (holding *Apprendi*

8

could not be basis for actual innocence claim). *Alleyne*, like *Apprendi* before it, "does not bear on whether a defendant is innocent of a crime, but merely limits the potential punishment for it." *Carter v. Coakley*, 2013 WL 3365139, at *4 (N.D. Ohio 2013). Petitioner cannot be actually innocent of his sentence, and therefore cannot assert this claim in a Section 2241 Petition.

Finally, the new rule announced in *Alleyne* is not retroactive and it cannot be applied retroactively to cases on collateral review. *Id.* Even if Petitioner had demonstrated *Alleyne* was applicable to the facts of this case, he could not assert this claim in a Section 2241 Petition.

Petitioner's claims do not fit within the safety valve provision of Section 2255. Therefore, he cannot challenge his sentence in this Section 2241 Petition.

## CONCLUSION

For the forgoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is granted, the Petition (Doc. 1) is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under 28 U.S.C. § 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

                         s/ *Jack Zouhary*
                         JACK ZOUHARY
                         U. S. DISTRICT JUDGE

January 15, 2015