IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Otto Harris,                                Case No. 4:14 CV 1463

            Petitioner,                 MEMORANDUM OPINION
                                              AND ORDER
      -vs-
                                              JUDGE JACK ZOUHARY
Joe Coakley, *Warden*,

            Respondent.

### INTRODUCTION

*Pro se* Petitioner Otto Harris has filed a Motion for Reconsideration (Docs. 6 & 6-1) of this Court's prior Order denying his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 4). With the request for reconsideration, Petitioner has included an "Amendment to Memorandum of Law" in which he argues this Court wrongly denied application of the safety valve provision in 28 U.S.C. § 2255 to his case (Doc. 6). For the reasons stated below, the Motion is denied.

### STANDARD

In this Circuit, any motion for reconsideration of a judgment is construed as a motion to alter or amend judgment pursuant to Federal Civil Rule 59(e). *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Rule 59(e) may not be used by a party to simply relitigate issues already

decided or matters that could have been raised earlier. *See Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).

Petitioner alleges he attempted to file his Amendment before this Court issued its Order denying his Petition, but that, for whatever reason, the Amendment was not filed as part of the docket in his case.

## ANALYSIS

In his Motion, Petitioner contends that the sentencing court erred because it applied the modified categorical approach to an indivisible Pennsylvania criminal statute -- possession with intent to distribute -- 35 Pa. Stat. § 780-113(a)(30). However, the Court of Appeals for the Third Circuit has expressly held that this statute is divisible, and therefore subject to the modified categorical approach after the Supreme Court's decision in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276 (2013). *United States v. Abbott*, 748 F.3d 154, 158 (3d Cir. 2014) ("The statute in question [35 Pa. Stat. § 780-113(a)(30)] is divisible and, as such convictions are properly assessed under the modified categorical approach."). The sentencing court properly employed the modified categorical approach to conclude Petitioner's previous conviction for possession with intent to distribute is an ACCA predicate offense.

## CONCLUSION

Based on the above, Petitioner's Motion for Reconsideration (Docs. 6 & 6-1) is denied. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

          s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 4, 2015